IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PURDUE PHARMA, L.P., et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Civ. No. 15-260-SLR |
| | ) |
| COLLEGIUM PHARMACEUTICAL, INC., | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM ORDER

At Wilmington this 7th day of October, 2015, having reviewed plaintiffs' motion for reargument and the papers filed in connection therewith;

IT IS ORDERED that the motion (D.I. 32) is denied in part and granted in part, for the reasons that follow:

1. A motion for reargument is the "functional equivalent" of a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e). *See Jones v. Pittsburgh Nat'l Corp.*, 899 F.2d 1350, 1352 (3d Cir. 1990) (citing *Fed. Kemper Ins. Co. v. Rauscher*, 807 F.2d 345, 348 (3d Cir. 1986)). The standard for obtaining relief under Rule 59(e) is difficult to meet. The purpose of a motion for reargument is to "correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). A court should exercise its discretion to alter or amend its judgment only if the movant demonstrates one of the following: (1) a change in the controlling law; (2) a need to

correct a clear error of law or fact or to prevent manifest injustice; or (3) availability of new evidence not available when the judgment was granted. See id.

2. A motion for reargument is not properly grounded on a request that a court rethink a decision already made and may not be used "as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." *Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990); see also *Glendon Energy Co. v. Borough of Glendon*, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993). Reconsideration, however, may be appropriate where a court "has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the [c]ourt by the parties, or has made an error not of reasoning but of apprehension." *Brambles USA*, 735 F. Supp. at 1241 (internal quotation marks omitted); see also D. Del. LR 7.1.5.

3. Plaintiffs argue that I made an error of fact and law in my decision to dismiss because, as a matter of law, a party can consent to jurisdiction and, as a matter of fact, defendant explicitly agreed to consent to jurisdiction in Delaware. Plaintiffs' characterization of the law is correct; plaintiffs' characterization of the record is incomplete. Recall that, at the time I issued the decision in question, defendant contended that it was not subject to jurisdiction in Delaware and requested that the case be transferred to the Southern District of New York. Plaintiffs argued in response that, if jurisdiction could not be exerted over defendant in Delaware, the Delaware case should be dismissed so that a protective action in the District of Massachusetts (also initiated by plaintiffs against defendant) could be pursued. I determined that the court

lacked jurisdiction over defendant and, consistent with plaintiffs' "Plan B," I dismissed the Delaware action for lack of jurisdiction, explaining that Massachusetts was the most appropriate venue for the dispute at bar.

4. In the course of this motion practice, defendant stated that, while it "strongly urge[d] transfer to the Southern District of New York for judicial efficiency, fairness, and prevention of [plaintiffs'] forum shopping," it "would consent to jurisdiction in Delaware if necessary to avoid starting from scratch in Massachusetts and risking the above-described potential for delay in this Hatch-Waxman litigation." (D.I. 21 at 9) As it turns out, the Massachusetts action was no longer pending by the time my decision issued (unbeknownst to me), and (no surprise here) defendant did not formally consent to jurisdiction upon the issuance of my decision.

5. If anything is clear about this case, it is that all parties are jockeying for advantageous venues, and that the courts and the law are being used to further their respective litigation strategies. I decline to play this game. Therefore, I reject the suggestion that defendant clearly and unequivocally consented to jurisdiction in this court.

IT IS FURTHER ORDERED, however, that rather than dismissal, the case shall be transferred to the District of Massachusetts, which was the intended destination in the first instance.

_____
United States District Judge